**ALSTON & BIRD LLP**
John W. Weiss
William Hao
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Email: john.weiss@alston.com
      william.hao@alston.com

-and-

**ALSTON & BIRD LLP**
David A. Wender (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Email: david.wender@alston.com

*Attorneys for SunTrust Bank, as administrative*
*agent under the WAC1 Credit Agreement & SunTrust Bank,*
*as administrative agent under the WAC7 Credit Agreement*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| IN RE WAYPOINT LEASING HOLDINGS LTD., *et al.*, | Case No. 18-13648 |
| | (Jointly Administered) |
| Debtors. | |

**EMERGENCY MOTION OF SUNTRUST BANK PURSUANT TO FED. R.
BANKR. P. 9006 FOR ENLARGEMENT OF DEADLINE TO SUBMIT CREDIT
BIDS AND RELATED DEADLINES UNDER BIDDING PROCEDURES ORDER**

SunTrust Bank, as (I) administrative agent (in such capacity, "WAC 7 Administrative Agent") in respect of that certain Amended and Restated Credit Agreement dated as of April 28, 2017 (the "WAC7 Credit Agreement") entered into and among those certain lenders under the WAC7 Credit Agreement (the "WAC7 Lenders") as lenders and Waypoint Leasing Holdings Ltd., an exempted company incorporated under the laws of the Cayman Islands ("Holdings"), Waypoint

Leasing (Luxembourg) S.à r.l., a Luxembourg private limited liability company (société à responsabilité limitée) ("Luxco"), and Waypoint Leasing (Ireland) Limited, a company incorporated under the laws of Ireland ("Manager"), Waypoint Asset Co 4 Limited, a company incorporated under the laws of Ireland ("WAC4") and Waypoint Asset Co 5 Limited, a company incorporated under the laws of Ireland ("WAC5", and together with Holdings, Luxco, Manager, and WAC4, the "Guarantors" and each a "Guarantor"), as guarantors, Waypoint Asset Co 7 Limited, a company incorporated under the laws of Ireland ("WAC7") and Waypoint Asset Euro 7A Limited, a company incorporated under the laws of Ireland ("WAC7A", and together with WAC7, the "Borrowers", and each a "Borrower", and together with WAC4 and WAC5, the "Segregated WAC7 Obligors") hereby moves for an Order extending the time for SunTrust, in its capacity as WAC7 Administrative Agent, to submit a credit bid and to extend related deadlines under the *Order Approving (A) Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Cure Costs, Auction, Sale Transaction, and Sale Hearing, and (D) Date for Auction, if Necessary, and Sale Hearing* (Docket No. 159; the "Bidding Procedures Order"). In support of its Motion, SunTrust Bank states as follows:

## FACTS

1.    Pursuant to the Bidding Procedures Order, "each WAC Facility Agent shall have the absolute and irrevocable right to credit bid for its WAC Collateral." Bidding Procedures Order ¶ 4. The deadline for SunTrust Bank, as WAC7 Administrative Agent, to submit a credit bid under the Bidding Procedures Order with respect to the WAC7 collateral is January 14, 2019 (the "Credit Bid Deadline"). Bidding Procedures Order, Ex. 1 at 2. January 14, 2019 is also the deadline under the Bidding Procedures Order for lenders to submit a plan support agreement (the "PSA Deadline"). *See id*. The Bidding Procedures Order also require that, in connection with any 363(k)

Credit Bid, a WAC Facility Agent must include a copy of an executed APA, marked up against the Macquarie APA. *Id*., Ex. 1 at 17.

2. The WAC7 collateral includes a lien on all of the equity of WAC4. The only assets of WAC4 are contracts (the "PDP Contracts") with an aircraft manufacturer pursuant to which WAC4 made certain pre-delivery payments ("PDPs") attributable to future aircraft deliveries (e.g., these PDPs are available to reduce the ultimate sale price).

3. The total outstanding balance on the WAC7 Credit Facility is in excess $100 million.

4. The WAC7 Administrative Agent understands that the PDPs paid in connection with the PDP Contracts total in excess of $10 million.

5. Since the Debtors began its sale and marketing process, the WAC7 Administrative Agent has requested certain information from the Debtors, including (i) copies of the PDP Contracts, (ii) copies of a settlement between the Debtors and the aircraft manufacturer that implicates the PDP Contracts (the "Settlement Agreement"), and (iii) schedules to the "form" asset purchase agreement that the WAC7 Administrative Agent must use to submit its credit bid in connection with its efforts to evaluate the assets of its borrowers and guarantors and, ultimately, to evaluate any potential credit bid for the WAC7 collateral. Despite repeated requests, the PDP Contracts (totaling in excess of 40 documents) were not produced to the WAC7 Agent until the afternoon of January 8. Similarly, the Settlement Agreement and material information related to the PDP contracts was not produced until the afternoon of January 9. With respect to the "form" asset purchase agreement, notwithstanding the fact that the schedules to the "form" APA were complete more than a month prior, the Debtors have been deficient with respect to the information provided to the WAC7 Administrative Agent (and, upon information and belief) other lenders.

For example, the Debtors did not disclose Schedule 4.19(c) to the Macquarie APA until January 9, 2019. Schedule 4.19(c) to the Macquarie APA discloses—for the first time—to the WAC7 Agent and Lenders that Buyer intends to acquire the PDP Contracts in connection with its APA.[1] Finally, it is worth noting that based on "supplemental" information provided—for the first time on January 10, 2019 after SunTrust raised the potential of this Motion—the Debtors provided SunTrust with one signed leased (dated December 11, 2018) that was not previously disclosed and was not included in the Debtors' schedule of leases.[2]

## RELIEF REQUESTED

6. The WAC7 Administrative Agent requests that the Court modify and extend the Credit Bid Deadline and the PSA Deadline pursuant to Bankruptcy Rule 9006(b) from January 14, 2019, to January 18, 2019. Bankruptcy Rule 9006(b)(1) provides that the Court may extend the Credit Bid Deadline under its Bidding Procedures Order "for cause shown . . . at any time in its discretion . . . with or without motion or notice" where, as here, the request is made before the expiration of the prescribed deadline. Fed. R. Bankr. P. 9006(b)(1).

7. The WAC7 Administrative Agent respectfully submits that the Court should exercise its discretion and extend the Credit Bid Deadline and PSA Deadline. The PDP Contracts, the Settlement Agreement, and complete schedules are critical to the WAC7 Administrative Agent's ability to assess any potential credit bid and the value of the PDP Contracts. Despite having requested the forgoing information, information has not been provided in a timely and fashion and, in fact, remains incomplete. Although the WAC7 Administrative Agent is working diligently to digest the implications of the PDP Contracts and the Settlement Agreement, copies

---

[1] Of note, based on certain asserted "antitrust" concerns, the WAC7 Agent is not authorized to share Schedule 4.19(c) to the Macquarie APA.

[2] On January 10, 2019, the Debtors also produced an unsigned lease that is in "final" form.

were not provided to SunTrust Bank until January 8, 2019 and January 9, 2019. Since this information has been in the Debtors possession for more than month, it is unreasonable for the WAC 7 Lenders to have between two and three business days before the WAC7 lenders are required to decide whether or not to credit bid for their collateral and/or to submit a PSA. The PDP Contracts and the Settlement Agreement, having a potential stream of value worth in excess of $10 million and would constitute a significant component of any credit bid by the WAC7 lenders.

8. Moreover, Schedule 4.19(c) of the Macquarie APA, which lists the PDP Contracts as assets proposed to be purchased by Macquarie, was not revealed to the WAC7 Administrative Agent until January 9, 2019. Thus, until yesterday, the WAC7 Administrative Agent was not even aware that the PDP Contracts were to be included in the proposed sale as they were not included in the list of contracts being assumed and assigned to Macquarie. Yet, despite the fact that relevant APA schedules were withheld from the WAC7 Administrative Agent until yesterday, under the Bidding Procedures Order, it is required to, among other things, execute a marked up APA in order to validly submit a 363(k) Credit Bid in just a matter of days.

9. The WAC7 Administrative Agent has diligently requested copies of the Macquarie APA schedules and PDP Contracts throughout this process. The Debtors have been well-aware of the WAC7 lenders' need to review and evaluate the PDP Contracts in order to submit a credit bid and, fundamentally, to know whether the PDP Contracts were to be purchased by Macquarie. The WAC7 Administrative Agent merely seeks a reasonable opportunity to evaluate information necessary to its credit bidding rights. There would be little or no prejudice to the Debtors or other interested parties if the requested extension of the Credit Bid Deadline and PSA Deadline were granted. Accordingly, the WAC7 Administrative Agent requests that the relief sought herein be

granted and that the Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit A**.

Dated: New York, New York
January 10, 2019

          **ALSTON & BIRD LLP**

          By: /s/ David A. Wender
          John W. Weiss
          William Hao
          90 Park Avenue
          New York, New York 10016
          Telephone: 212-210-9400
          john.weiss@alston.com
          william.hao@alston.com

          -and-

          David Wender (admitted *pro hac vice*)
          One Atlantic Center
          1201 West Peachtree Street, Suite 4900
          Atlanta, GA 30309-3424
          Telephone: 404-881-4985
          david.wender@alston.com

          *Attorneys for SunTrust Bank, as administrative agent under the WAC1 Credit Agreement & SunTrust Bank, as administrative agent under the WAC7 Credit Agreement*