Hearing Date and Time:  April 9, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline:  April 2, 2019 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                         :
**In re**                                                :    **Chapter 11**
                                                         :
**WAYPOINT LEASING**                                     :    **Case No. 18-13648 (SMB)**
**HOLDINGS LTD.,** *et al.*,                             :
                                                         :    **(Jointly Administered)**
                  **Debtors.**[1]                        :
---------------------------------------------------------x

## NOTICE OF MOTION OF DEBTORS PURSUANT TO
## 11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion, dated March

25, 2019 (the "**Motion**"), of Waypoint Leasing Holdings Ltd. and certain of its subsidiaries and

affiliates, as debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors**"), for entry of an order pursuant to section 1121(d) of title 11 of the United States

Code extending the Debtors' exclusive periods in which to file a chapter 11 plan and solicit

acceptances thereof, all as more fully set forth in the Motion, will be held before the Honorable

Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for

---

[1] A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, is attached hereto as **Exhibit A**.

the Southern District of New York, Courtroom 723, One Bowling Green, New York, NY 10004

(the "**Bankruptcy Court**"), on **April 9, 2019 at 10:00 a.m. (Eastern Time)** (the "**Hearing**").

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections

("**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

including attorneys admitted *pro hac vice*, electronically in accordance with General Order

M–399 (which can be found at http://www.nysb.uscourts.gov), or (b) by all other parties in

interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy

delivered directly to the chambers of the Bankruptcy Court), in accordance with the customary

practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served

in accordance with General Order M-399 and the *Final Order Pursuant to 11 U.S.C. §105(a)*

*and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case*

*Management Procedures* [ECF No. 155] (the "**Case Management Order**"), so as to be received

no later than **April 2, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

    **PLEASE TAKE FURTHER NOTICE** that notice of this Motion will be

provided in accordance with the procedures set forth in the Case Management Order.

    **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may then be entered with no further notice or opportunity to be heard.

Dated: March 25, 2019
New York, New York

/s/ Kelly DiBlasi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

*Attorneys for Debtors
and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                                       :
In re                                                  :      Chapter 11
                                                       :
WAYPOINT LEASING                                       :      Case No. 18-13648 (SMB)
HOLDINGS LTD., et al.,                                 :
                                                       :      (Jointly Administered)
                   Debtors.¹                           :
-------------------------------------------------------x
```

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Waypoint Leasing Holdings Ltd. and certain of its subsidiaries and affiliates, as

debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter

11 cases (collectively, the "**Chapter 11 Cases**"), respectfully represent as follows in support of

this motion (the "**Motion**"):

---

¹ A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, is attached hereto as **Exhibit A**.

**Relief Requested**

1.        Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**").  Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Exclusive Filing Period, it has an exclusive period of 180 days after the commencement of the chapter 11 case to obtain acceptances of its plan (the "**Exclusive Solicitation Period**").  The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on March 25, 2019 and May 24, 2019, respectively (together, the "**Exclusive Periods**").

2.        The Debtors request, pursuant to section 1121(d) of the Bankruptcy Code, a modest extension of 45 days of the Exclusive Filing Period to and including May 9, 2019 and the Exclusive Solicitation Period to and including July 8, 2019, without prejudice to the Debtors' right to seek additional extensions of such periods.  A proposed form of order is annexed hereto as **Exhibit B**.

3.        An extension of the Exclusive Periods in these large Chapter 11 Cases as requested is appropriate, is in the best interest of the Debtors' economic stakeholders, and is consistent with the intent and purpose of chapter 11 of the Bankruptcy Code.  Ample cause exists to grant the Debtors the extensions of the Exclusive Periods as, *inter alia*, (i) the Debtors' cases are large and complex, involving a number of different creditor constituencies and to date have been focused on implementing going concern sales of the Debtors' complex business enterprise; (ii) substantial good faith progress has been made in the administration of the Chapter 11 Cases and in establishing constructive working relationships with the Debtors' creditors and other key economic stakeholders; (iii) although preliminary discussions have commenced with respect to terms of a chapter 11 plan, there has not been sufficient time to permit the Debtors to further

5

advance those discussions with the various constituencies toward the hopeful achievement of a consensual plan; and (iv) an extension of the Exclusive Periods will allow the plan negotiation process to proceed in a rational manner, will not prejudice any parties in interest, and will promote the ability of the Debtors to maximize value and emerge from chapter 11 in order to complete an orderly and efficient wind down and liquidation.

4.    Extensions of the Exclusive Periods are warranted and appropriate given the foregoing reasons, and taking into account that this is the Debtors' first (and hopefully final) request.   As Debtors' counsel has advised, the Debtors are working with their creditors to negotiate a plan and hope to be in a position to file it well in advance of the requested May 9, 2019 extended deadline.   The relief requested will afford the Debtors the full and fair opportunity contemplated by Congress for the Debtors to develop a viable, fair, and comprehensive plan and also negotiate, propose, and solicit acceptances of that plan in an efficient manner that will maximize value for all parties in interest.

### Jurisdiction

5.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

6.    On November 25, 2018 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.   The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

7.    The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

8.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Todd K. Wolynski Pursuant to L. Bankr. R. 1007-2* (the "**Wolynski Declaration**") and the *Declaration of Robert A. Del Genio in Support of First Day Motions and Applications* (the "**Del Genio Declaration**" and, together with the Wolynski Declaration, the "**First Day Declarations**"), which are incorporated herein by reference.

### Basis for Relief Requested

9.    Having devoted their energies to developing, gaining approval of, and consummating an intricate sale process that in the past several weeks has resulted in one large asset sale and three credit bid purchases for sales of substantially all of the Debtors' assets, the Debtors have pivoted quickly to negotiate and prosecute a chapter 11 plan in order to make distributions to their creditors and prepare to wind down their entities under non-bankruptcy law in the United States and many other jurisdictions.  To this end, on March 20, 2019, the Debtors delivered to the agents of certain of their prepetition secured creditors a draft chapter 11 plan. The Debtors now seek a modest extension of the Exclusivity Periods to give the Debtors and these constituents the time to complete this process in the most cost-effective and value-maximizing manner.

10.    Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause.  *See* 11 U.S.C. § 1121(d) ("on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day

period referred to in this section"). However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [commencement] date." *Id.* § 1121(d)(2).

11.    The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The Debtors expect to achieve this objective. To terminate the Exclusive Periods in these Chapter 11 Cases before the Debtors have had a meaningful opportunity to advance substantive plan negotiations and develop a workable plan proposal would defeat the very purpose of section 1121 of the Bankruptcy Code.

12.    As stated, section 1121(d) of the Bankruptcy Code empowers a Bankruptcy Court to extend the Exclusive Periods "for cause." The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history of section 1121 indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

13.    In exercising its broad discretion, the Bankruptcy Court may consider a variety of factors to assess the totality of circumstances in each case. *See In re Borders Grp.,*

*Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section

1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating

exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006)

(identifying objective factors courts historically have considered in determining whether cause

exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834

(Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to

extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In

re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996).  Those factors include, without

limitation:

> (a)    the size and complexity of the debtor's case;
>
> (b)    the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
>
> (c)    the existence of good faith progress towards reorganization;
>
> (d)    the fact that the debtor is paying its bills as they become due;
>
> (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> (f)    whether the debtor has made progress in negotiations with its creditors;
>
> (g)    the amount of time which has elapsed in the case;
>
> (h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
>
> (i)    whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective

factors which courts historically have considered in making determinations of this character");

*see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that

debtor established cause to extend exclusivity); *McLean Indus.*, 87 B.R. at 834; *accord In re Express One*, 194 B.R. at 100 (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). The exercise of the Court's discretion is not simply a check-off process, but is based upon the totality of the circumstances. The above factors are not the exclusive bases for the exercise of the Court's discretion to extend the exclusive periods.

<u>**Cause Exists for Extending the Exclusive Periods**</u>

14.    Application of the identified standards to the facts of these Chapter 11 Cases demonstrates that ample cause exists to grant the Debtors' requested extensions of the Exclusive Periods. The extensions are necessary and appropriate in order for the Debtors to have the opportunity contemplated by the Bankruptcy Code to propose a chapter 11 plan and solicit acceptances of such plan.

**A.    The Debtors' Chapter 11 Cases Are Large and Complex**

15.    Both Congress and the courts have recognized that the size and complexity of a debtor's case alone may constitute cause for the extension of the Exclusive Filing Period. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963. In *In re Texaco Inc.*, the court stated:

> The large size of a debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.

76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

16.     The size and complexity of these Chapter 11 Cases warrant an extension of the Exclusive Periods.    These Chapter 11 Cases involves over 100 Debtors with approximately $1.62 billion in assets and $1.23 billion in liabilities as of October 31, 2018.  At the time of filing, the Debtors' complicated capital structure involved nine (9) separate debt facilities with a total of twenty-four (24) lenders.  As the Court previously observed, "this is really like nine cases . . .".  Hr'g Tr. (Dec. 20, 2018) at 69:6-7.  Indeed, the size and complexity of the Debtors' businesses, assets, corporate structure, and financing arrangements are self-evident.

17.     Additionally, because of the large size of the Debtors' operations and business relationships and the relatively small size of the Debtors' workforce, the Debtors received an extension of time, until March 31, 2019, to file their respective schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "**Schedules**").  As a consequence, it was necessary to defer the setting of a bar date for filing proofs of claim.  The Debtors have filed a motion seeking the establishment of a bar date [ECF No. 498] (the "**Bar Date Motion**"), to which no one objected and which is scheduled to be heard on March 28, 2019.

18.     In cases of the size and complexity of the Debtors, 120 days simply is inadequate to formulate and negotiate a chapter 11 plan.  The Debtors' Chapter 11 Cases are indisputably of the size and complexity that Congress and Courts recognized warranting extensions of the Exclusive Periods as requested.  Courts in this District regularly extend the Exclusivity Periods in similar cases.  *See e.g.*, *In re Breitburn Energy Partners LP,* Case No. 16-11390 (Bankr. S.D.N.Y. Dec. 14, 2016); *In re AOG Entm't, Inc.*, Case No. 16-11090 (Bankr. S.D.N.Y. Sep. 2, 2016) (ECF No. 357); *In re SunEdison*, Case No. 16-10992 (Bankr. S.D.N.Y.

July 21, 2016) (ECF No. 970); *In re Relativity Fashion, LLC,* Case No. 15-11989 (Bankr.

S.D.N.Y. Nov. 12, 2015) (ECF No. 967); *In re Tronox Inc.*, Case No. 09-10156 (Bankr.

S.D.N.Y. May 8, 2009) (ECF No. 414).

**B.    The Debtors Have Made Substantial Good Faith Progress In These Chapter 11 Cases**

19.    This is the Debtors' first motion for extension of the Exclusive Periods.

The Debtors are only four months into these Chapter 11 Cases, which is not enough time to

formulate and prosecute a chapter 11 plan in most chapter 11 cases, and definitely not enough

time here considering the size and complexity of these cases as described above and in light of

all that the Debtors have accomplished in such a short period of time.

20.    Notwithstanding the short duration of these cases, the Debtors have made

substantial progress in the first few months of these Chapter 11 Cases, warranting an extension

of the Exclusive Periods.  At the outset of these cases, the Debtors focused on operating their

businesses and responding to the time-consuming demands that inevitably accompany a chapter

11 filing.  Most importantly, the Debtors coordinated and executed a robust marketing and sale

process that resulted in a series of going concern sales of substantially all of the Debtors' assets.

This Court recognized the importance of prioritizing and expediting that sale process, to mitigate

any potential destruction of value and maximize resulting recoveries to creditors.  *See* Hr'g Tr.

(Dec. 20, 2018) at 138:20-24.  In addition, while continuing the day-to-day management of the

company, the Debtors' management and advisors devoted substantial time and effort over the

first four months of the cases to ensure the business operated as a going concern and to comply

with the requirements of chapter 11, including:

(a)    stabilizing operations and smoothly transitioning into chapter 11 by obtaining relief on a final basis for numerous "first day" motions, including receiving crucial authority to pay certain lien claimant

vendors, pay prepetition taxes, honor wages, salaries, and benefits in the ordinary course of business, and maintain their existing cash management system;

(b)    negotiating and obtaining final approval of the Debtors' debtor-in-possession financing facility;

(c)    negotiating and obtaining final approval of a key employee incentive plan;

(d)    retaining professionals to assist in the Debtors' Chapter 11 Cases including investment bankers, accountants, special counsel, as well as numerous ordinary course professionals to ensure the Debtors' operations were not disrupted; and

(e)    compiling their schedules of assets and liabilities and statements of financial affairs, which required review and analysis of claims, assets, and contracts for more than fifty Debtor entities.

21.    As mentioned above, immediately upon closing the asset sales, the Debtors and their advisors turned their attention to developing a chapter 11 plan of liquidation and have already begun negotiating this with their prepetition lenders.  The Debtors are committed to try to reach agreement with these creditors on a consensual plan that can be confirmed and implemented quickly, so the Debtors can complete distributions to creditors and begin the global wind down process.

22.    The foregoing demonstrates that there can be no doubt that the Debtors have acted diligently to make progress on a number of fronts during the initial months of these Chapter 11 Cases, and will continue to do so as they transition to the plan phase.  This is ample cause to extend the Exclusive Periods under multiple *Adelphia* Factors.

C.    **The Debtors Are Making and Will Continue to Make Required Postpetition Administrative Expense Payments as They Come Due**

23.    Courts considering an extension of the Exclusive Periods may also assess a debtor's liquidity and solvency.  *See In re Adelphia Commc'ns*, 352 B.R. at 587-88.  Here, the

13

Debtors are current on payment of their postpetition obligations and have sufficient liquidity to pay their undisputed administrative expenses in the ordinary course.  As such, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, and this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

### D.    The Debtors Are Not Using Exclusivity to Pressure Creditors

24.    This is the Debtors' first request for an extension of the Exclusive Periods. The requested extension is reasonable given the Debtors' progress to date and the current posture of these Chapter 11 Cases.  The Debtors are not seeking the extension of the Exclusive Periods as a negotiation tactic, to artificially delay the conclusion of these Chapter 11 Cases, or to hold creditors hostage to an unsatisfactory plan proposal.  To the contrary, this request is intended to maintain a framework conducive to an orderly, cost-effective, and ideally consensual process. The Debtors delivered a draft of a proposed chapter 11 plan on March 20, 2019 to the WAC Lender agents and are optimistic that they will be able to reach agreement with many, if not all, of their lenders in short order.  Extending the Exclusivity Periods serves to allow the Debtors and their professionals to work cooperatively with these key constituents to continue to move towards the conclusion of the Chapter 11 Cases without the Debtors' efforts being disrupted by defending against competing plans.

25.    Furthermore, throughout these cases, the Debtors have kept sight of the need to deal with all parties in interest.  The Debtors and their professionals have consistently conferred with the various lender groups on all major substantive and administrative matters in these cases to date.  The Debtors have no intention of discontinuing this dialogue if this Motion is granted.

14

E.    **Important Contingencies Must Be Resolved by the Debtors**

26.    Courts have recognized, as a justification for extending the Exclusivity Periods, the need to resolve an important contingency.  *See, e.g., Adelphia Commc'ns*, 352 B.R. at 587-88.  As indicated above, the Debtors have made substantial progress in the prosecution of their Chapter 11 Cases.  They do, however, require additional time in which to propose and solicit a confirmable chapter 11 plan as the Debtors continue to address certain key issues.

27.    The Debtors' finalization of the sale process has only now created opportunities for the Debtors to focus on a process by which to wind down the Debtors' estates, both in this jurisdiction and abroad, and to work with their key constituencies to develop a path out of chapter 11 that will maximize value and have the support of the Debtors' creditors.  The Debtors and their advisors are in the midst of developing such a wind down plan, but require additional time finalize it.

28.    Additionally, the proposed claims bar date has not yet passed, and parties in interest do not therefore know the full universe of asserted claims.  The Debtors—or any plan proponent—will need to go through at least an initial cut of the claims reconciliation process before they can achieve a better understanding of the claims pool.  Accordingly, important contingencies exist in these cases that must be resolved.

29.    The extensions of the Exclusive Periods as requested will not prejudice any party in interest, but rather will afford the Debtors a realistic opportunity to propose a feasible and consensual chapter 11 plan.  Failure to extend the Exclusive Periods as requested herein would defeat the very purpose of section 1121 of the Bankruptcy Code, i.e., to provide the Debtors with a meaningful and reasonable opportunity to negotiate with their economic stakeholders and propose a confirmable chapter 11 plan.  The termination of the Exclusive

Periods and the threat of multiple plans would lead to unnecessary adversarial situations and deterioration in value of the Debtors' estates to the detriment of all parties in interest. The Court should not permit such a scenario to unfold.

**F.    The Automatic Extension of the Exclusive Filing Period**

30.    The Exclusive Filing Period is set to expire on March 25, 2019, but Local Bankruptcy Rule 9006-2 provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than fourteen days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court," the applicable deadline shall automatically be extended "until the Court resolves the motion to extend the time." By filing this Motion prior to the expiration of the Exclusive Filing Period, Local Bankruptcy Rule 9006-2 automatically extends the Exclusive Filing Period until the Court resolves the Motion.

31.    In light of the foregoing, the Debtors respectfully request that the Court approve the requested extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

<u>Notice</u>

32.    Notice of this Motion has been provided to all parties in interest in accordance with the procedures set forth in the *Final Order Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures* [ECF No. 155]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

33.    No previous request for the relief sought by this Motion has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: March 25, 2019
    New York, New York

_/s/ Kelly DiBlasi_
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

_Attorneys for Debtors_
_and Debtors in Possession_

## **Exhibit A**

**List of Debtors**

| Debtor | Last 4 Digits of Tax ID Number | Debtor | Last 4 Digits of Tax ID Number |
|---|---|---|---|
| Waypoint Leasing Holdings Ltd. | 2899 | MSN 760682 Trust | N/A |
| Waypoint Leasing (Luxembourg) S.à r.l. | 7041 | MSN 920022 Trust | N/A |
| Waypoint Leasing (Ireland) Limited | 6600 | MSN 920062 Trust | N/A |
| Waypoint Asset Co 10 Limited | 2503 | MSN 920125 Trust | N/A |
| MSN 2826 Trust | N/A | MSN 9229 AS | 7652 |
| MSN 2879 Trust | N/A | Waypoint Asset Co 3A Limited | 6687 |
| Waypoint Asset Co 11 Limited | 3073 | MSN 41371 Trust | N/A |
| MSN 2905 Trust | N/A | Waypoint Asset Euro 1A Limited | 9804 |
| Waypoint Asset Co 14 Limited | 1585 | MSN 4466 Trust | N/A |
| Waypoint Asset Co 15 Limited | 1776 | MSN 4469 Trust | N/A |
| Waypoint Asset Co 3 Limited | 3471 | MSN 6655 Trust | N/A |
| AE Helicopter (5) Limited | N/A | Waypoint Leasing (Luxembourg) Euro S.à r.l. | 8928 |
| AE Helicopter (6) Limited | N/A | Waypoint Asset Co 1A Limited | 1208 |
| MSN 31141 Trust | N/A | Waypoint Leasing Labuan 1A Limited | 2299 |
| MSN 31492 Trust | N/A | Waypoint Asset Co 1C Limited | 0827 |
| MSN 36458 Trust | N/A | Waypoint Asset Co 1D Limited | 7018 |
| MSN 760543 Trust | N/A | Waypoint Asset Co 1F Limited | 6345 |
| MSN 760551 Trust | N/A | Waypoint Asset Co 1G Limited | 6494 |
| MSN 760581 Trust | N/A | Waypoint Asset Co 1H Limited | 7349 |
| MSN 760628 Trust | N/A | Waypoint Asset Co 1J Limited | 7729 |
| MSN 760631 Trust | N/A | MSN 20159 Trust | N/A |

| | | | |
|---|---|---|---|
| MSN 6658 Trust | N/A | Waypoint Asset Funding 6 LLC | 4964 |
| Waypoint 760626 Business Trust | N/A | Waypoint Asset Co 7 Limited | 9689 |
| MSN 7152 Trust | N/A | Waypoint Asset Euro 7A Limited | 2406 |
| MSN 7172 Trust | N/A | Waypoint Asset Co 8 Limited | 2532 |
| Waypoint Asset Funding 3 LLC | 4960 | MSN 31041 Trust | N/A |
| Waypoint Asset Malta Ltd | 5348 | MSN 31203 Trust | N/A |
| Waypoint Leasing Labuan 3A Limited | 8120 | MSN 31578 Trust | N/A |
| Waypoint Leasing UK 3A Limited | 0702 | MSN 760617 Trust | N/A |
| Waypoint Asset Co 4 Limited | 0301 | MSN 760624 Trust | N/A |
| Waypoint Asset Co 5 Limited | 7128 | MSN 760626 Trust | N/A |
| MSN 1251 Trust | N/A | MSN 760765 Trust | N/A |
| MSN 14786 Trust | N/A | MSN 920063 Trust | N/A |
| MSN 2047 Trust | N/A | MSN 920112 Trust | N/A |
| MSN 2057 Trust | N/A | Waypoint 206 Trust | N/A |
| Waypoint Asset Co 5B Limited | 2242 | Waypoint 407 Trust | N/A |
| Waypoint Leasing UK 5A Limited | 1970 | Waypoint Asset Euro 1B Limited | 3512 |
| Waypoint Asset Co 6 Limited | 8790 | Waypoint Asset Euro 1C Limited | 1060 |
| MSN 31042 Trust | N/A | MSN 20012 Trust | N/A |
| MSN 31295 Trust | N/A | MSN 20022 Trust | N/A |
| MSN 31308 Trust | N/A | MSN 20025 Trust | N/A |
| MSN 920119 Trust | N/A | MSN 920113 Trust | N/A |
| Waypoint Asset Funding 8 LLC | 4776 | Waypoint Asset Co Germany Limited | 5557 |
| Waypoint Leasing UK 8A Limited | 2906 | MSN 31046 Trust | N/A |
| Waypoint Leasing US 8A LLC | 8080 | MSN 41511 Trust | N/A |

2

| | | | |
|---|---|---|---|
| Waypoint Asset Company Number 1 (Ireland) Limited | 6861 | MSN 760608 Trust | N/A |
| Waypoint Asset Euro 1D Limited | 1360 | MSN 89007 Trust | N/A |
| Waypoint Asset Co 1L Limited | 2360 | MSN 920141 Trust | N/A |
| Waypoint Asset Co 1M Limited | 5855 | MSN 920152 Trust | N/A |
| Waypoint Asset Co 1N Limited | 3701 | MSN 920153 Trust | N/A |
| Waypoint Asset Euro 1G Limited | 4786 | MSN 920273 Trust | N/A |
| Waypoint Asset Funding 1 LLC | 7392 | MSN 920281 Trust | N/A |
| Waypoint Leasing UK 1B Limited | 0592 | MSN 9205 Trust | N/A |
| Waypoint Leasing UK 1C Limited | 0840 | MSN 9229 Trust | N/A |
| Waypoint Asset Company Number 2 (Ireland) Limited | 7847 | MSN 920030 Trust | N/A |
| Waypoint 2916 Business Trust | N/A | Waypoint Asset Funding 2 LLC | 7783 |
| MSN 31431 Trust | N/A | Waypoint Asset Co 1K Limited | 2087 |
| MSN 760734 Trust | N/A | Waypoint Leasing Services LLC | 8965 |
| MSN 920024 Trust | N/A | | |

3

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                                        :
In re                                                   :        Chapter 11
                                                        :
**WAYPOINT LEASING**                                    :        Case No. 18-13648 (SMB)
**HOLDINGS LTD.,** *et al.***,**                        :
                                                        :        **(Jointly Administered)**
                              Debtors.                  :
--------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C.
## § 1121(d) EXTENDING EXCLUSIVE PERIODS

Upon the Motion, dated March 25, 2019 (the "**Motion**"),[1] of Waypoint Leasing

Holdings Ltd. and certain of its subsidiaries and affiliates, as debtors and debtors in possession

(collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),

pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for

entry of an order extending the Debtors' exclusive periods in which to file a chapter 11 plan

(the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation**

**Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Motion

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period in which to file a chapter 11 plan is extended to and including May 9, 2019; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period in which to solicit acceptances of their chapter 11 plan is extended to and including July 8, 2019; and it is further

ORDERED that the extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest, for cause shown, upon notice and a hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2019
      New York, New York

                              _____
                              HONORABLE STUART M. BERNSTEIN
                              UNITED STATES BANKRUPTCY JUDGE