**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11**
                                                               :
**WAYPOINT LEASING**                                           :    **Case No. 18 – 13648 (SMB)**
**HOLDINGS LTD.,** *et al.*,                                   :
                                                               :    **(Jointly Administered)**
                    **Debtors.**[1]                            :
---------------------------------------------------------------x

**ORDER (I) APPROVING (A) PROPOSED
DISCLOSURE STATEMENT, (B) SOLICITATION AND VOTING
PROCEDURES, (C) NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF DEBTORS' PLAN, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] dated April 8, 2019 (ECF No. 699), of Waypoint Leasing Holdings Ltd. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1 and 3018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order approving (a) the proposed disclosure statement, (b) solicitation and voting procedures, (c) notice and objection procedures for confirmation of the Debtors' Plan and other relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are set forth on Exhibit A to the Motion.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the related Disclosure Statement (defined herein) having been given as provided in the Motion and reflected in the Affidavit of Service filed by the Debtors' solicitation agent, Kurtzman Carson Consultants LLC (the "**Solicitation Agent**") (ECF No. 710); and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**[3]

**I.       The Disclosure Statement Hearing Notice**

A.     The notice of hearing for the Disclosure Statement filed by the Debtors and served upon parties in interest in these Chapter 11 Cases on April 8, 2019, together with the Motion itself and the record of these cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**II.     The Disclosure Statement**

B.     The disclosure statement, annexed hereto as **Exhibit 4**, (the "**Disclosure Statement**") contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

**III.    Balloting and Voting Procedures**

C.     The procedures set forth herein and in the Ballot (as defined below) for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

*Ballots*

D.     The forms of Ballots, substantially in the forms attached hereto as **Exhibits 2-A** and **2-B** (the "**Ballots**"), are consistent with Official Form No. 314, address the particular needs of these cases, and are appropriate for the Classes entitled to vote on the Plan. No further information or instructions are necessary with respect to the Ballots.

*Parties Entitled to Vote*

E.     Pursuant to the Plan, holders of Claims in the following Classes are entitled to vote on account of such Claims (the "**Voting Classes**"):

| Class | Description |
|---|---|
| Class 1C | WAC1 Secured Claims against the WAC1 Group |
| Class 2C | WAC2 Secured Claims against the WAC2 Group |
| Class 3C | WAC3 Secured Claims against the WAC3 Group |
| Class 6C | WAC6 Secured Claims against the WAC6 Group |
| Class 7C | WAC7 Secured Claims against the WAC7 Group |
| Class 8C | WAC8 Secured Claims against the WAC8 Group |
| Class 10C | WAC10 Secured Claims against the WAC10 Group |
| Class 4D | General Unsecured Claims against WAC4 |
| Class 5(i)D | General Unsecured Claims against WAC5 |
| Class 5(ii)D | General Unsecured Claims against MSN 2047 Trust |
| Class 5(iii)D | General Unsecured Claims against MSN 2057 Trust |
| Class 5(iv)D | General Unsecured Claims against MSN 14786 |

| Class | Description |
|---|---|
| Class 5(v)D | General Unsecured Claims against WLUK5A |
| Class 10(i)D | General Unsecured Claims against WAC10 |
| Class 10(ii)D | General Unsecured Claims against MSN 2826 Trust |
| Class 10(iii)D | General Unsecured Claims against MSN 2879 Trust |
| Class 10(iv)D | General Unsecured Claims against MSN 2916 Trust |
| Class 11(i)D | General Unsecured Claims against WAC11 |
| Class 11(ii)D | General Unsecured Claims against WAG |
| Class 11(iii)D | General Unsecured Claims against MSN 2905 Trust |
| Class 14(i)D | General Unsecured Claims against WAC14 |
| Class 14(ii)D | General Unsecured Claims against WAC5B |
| Class 15D | General Unsecured Claims against the WAC 15 Group |
| Class 16D | General Unsecured Claims against WLIL |
| Class 17D | General Unsecured Claims against LuxCo |
| Class 18D | General Unsecured Claims against LuxCo Euro |
| Class 19D | General Unsecured Claims against Holdings |
| Class 20D | General Unsecured Claims against Services |

*Parties Not Entitled to Vote*

F.  Pursuant to the Plan, holders of Claims or Interests in the following Classes are unimpaired (collectively, the "**Unimpaired Classes**") and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are presumed to accept the Plan and are not entitled to vote on account of such Claims or Interests:

| Class | Description | Impairment | Acceptance / Rejection |
|---|---|---|---|
| Classes 1A through 20A | Priority Non-Tax Claims against the Debtors | Unimpaired | Presumed to accept |
| Classes 1B through 20B | Other Secured Claims against the Debtors | Unimpaired | Presumed to accept |
| Classes 1F through 18F, and 20F | Other Equity Interests in the Debtors | Unimpaired | Presumed to accept |

G.  Pursuant to the Plan, holders of Claims or Interests in the below Classes are Impaired (collectively, the "**Impaired Non-Voting Classes**" and, together with the Unimpaired Classes, the "**Non-Voting Classes**") and will receive no recovery under the Plan.

4

Therefore, pursuant to section 1126(g) of the Bankruptcy Code, except for Classes 1E through 20E, the Non-Voting Impaired Classes are presumed to reject the Plan. Classes 1E through 20E contain Intercompany Claims, the holders of which are proponents of the Plan and, therefore, notwithstanding section 1126(g) of the Bankruptcy Code, such Classes are presumed to accept the Plan.

| Class | Description | Impairment | Acceptance / Rejection |
|---|---|---|---|
| Class 1D | General Unsecured Claims against the WAC1 Group | Impaired | Presumed to reject |
| Class 2D | General Unsecured Claims against the WAC2 Group | Impaired | Presumed to reject |
| Class 3D | General Unsecured Claims against the WAC3 Group | Impaired | Presumed to reject |
| Class 6D | General Unsecured Claims against the WAC6 Group | Impaired | Presumed to reject |
| Class 7D | General Unsecured Claims against the WAC7 Group | Impaired | Presumed to reject |
| Class 8D | General Unsecured Claims against the WAC8 Group | Impaired | Presumed to reject |
| Classes 1E through 20E | Intercompany Claims against the Debtors | Impaired | Presumed to accept as Plan proponents |
| Class 19G | Holdings Interests | Impaired | Presumed to reject |

*Notices of Non-Voting Status*

A.  The notices, substantially in the form attached hereto as **Exhibits 3-A** and **3-B** (collectively, the "**Notices of Non-Voting Status**") comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice (as defined below), provide adequate notice to holders of Claims and Interests in the Non-Voting Classes of their non-voting status. No further notice is necessary.

*Solicitation*

B. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C. The period, set forth below, during which the Debtors may solicit acceptances of the Plan, is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

D. The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the record holders of the Debtors' Claims and Interests are adequate and appropriate.

E. The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the filing of objections thereto, and the distribution and contents of the Solicitation Packages, including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as provided herein.

**I.     Disclosure Statement**

2. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is APPROVED.

3. The following dates are approved in connection with solicitation and confirmation of the Plan:

| Event | Date/Deadline |
|---|---|
| Voting Record Date | May 31, 2019 |
| Solicitation Commencement Deadline | Five (5) business days following entry of this Order |
| Deadline to Object to or File a Motion to Estimate Claims for Voting Purposes | June 7, 2019 |
| Deadline to file Rule 3018(a) Motions | June 21, 2019 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to file Plan Supplement | June 26, 2019 |
| Voting Deadline | July 3, 2019 at 4:00 p.m. (prevailing Eastern Time) |
| Plan Confirmation Objection Deadline | July 8, 2019 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Certification Filing Deadline | July 8, 2019 at 8:00 p.m. (prevailing Eastern Time) |
| Deadline to file Confirmation Brief and Reply to Plan Confirmation Objection(s) | July 24, 2019 at 12:00 p.m. (prevailing Eastern Time) |
| Plan Confirmation Hearing | July 25, 2019 at 10:00 a.m. (prevailing Eastern Time) |

4. The form and manner of notice of the time set for filing objections to, and the hearing to consider approval of, the Disclosure Statement as described in the Motion and reflected in the Affidavit of Service filed by the Debtors' Solicitation Agent (ECF No. 710) was proper, adequate, and sufficient notice thereof.

**II.    Solicitation and Voting Procedures**

*Temporary Allowance / Disallowance of Claims*

5. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within the Voting Classes is temporarily Allowed in an amount equal to the amount of such Claim either as set forth in the Schedules or in a properly filed proof of claim; *provided*, *however*, that:

> (i)    if a Claim is Allowed pursuant to the Plan or by order of this Court (entered prior to the Voting Deadline), such Claim shall be Allowed for voting purposes in the Allowed amount set forth in the Plan or such order;

7

(ii)     if a proof of claim was timely filed by the Bar Date in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily Allowed for voting purposes in the amount set forth on such proof of claim, unless such Claim is disputed as set forth in subparagraph (ix) below;

(iii)     if a Claim has been estimated or otherwise Allowed for voting purposes by order of this Court, such Claim is temporarily Allowed for voting purposes in the amount so estimated or Allowed in such order;

(iv)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim has not yet been timely filed as of the Bar Date, the holder of such Claim shall not be entitled to vote on account of such Claim;

(v)     if a proof of claim was timely filed by the Bar Date in an amount that is contingent or unliquidated, such Claim is accorded one vote and temporarily Allowed for voting purposes in the amount of one dollar ($1.00), unless such Claim is disputed, or otherwise is disputed as set forth in subparagraph (ix) below;

(vi)     if a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim;

(vii)     if a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan or an order of this Court, the Claim amount will be converted and temporarily Allowed for voting purposes in U.S. Dollars using the exchange rate as of the Petition Date, unless such Claim is disputed as set forth in subparagraph (ix) below;

(viii)     if a Claim is listed in the Schedules or on a proof of claim timely filed by the Bar Date as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed for voting purposes in the amount that is liquidated, non-contingent, and undisputed; and

(ix)     if the Debtors have filed an objection to or a request for estimation of a Claim by **June 7, 2019**, such Claim is temporarily disallowed for voting purposes, except as may be ordered by the Court before the Voting Deadline (as defined below); *provided*, *however*, that, if the Debtors' objection seeks only to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the proposed reduced amount and/or as proposed to be reclassified (as applicable), except as may be ordered by this Court before the Voting Deadline (as defined below).

6.     The Debtors' Solicitation Agent will send Ballots directly to the WAC Lenders for purposes of soliciting their votes in Classes 1C, 2C, 3C, 6C, 7C, 8C, 16D, 17D, and

19D, as well as the WAC10 Lender for purposes of soliciting its vote in Class 10C. To facilitate this, no later than one (1) Business Day after the Voting Record Date (as defined below), the WAC Agents and the WAC10 Administrative Agent shall provide the Solicitation Agent, in Microsoft Excel format, a list of the lenders in their facilities, along with their respective positions and contact information as of the Voting Record Date. The Allowed Claim amounts, for voting purposes only, of holders of such Claims will be established based on the amount of the applicable positions, as provided by the applicable agent, held by such holders as of the Voting Record Date (as defined below).

7. If any creditor seeks to challenge the allowance of its Claim for voting purposes, such creditor shall file with this Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018(a) Motion**"). Upon the filing of any such motion, such creditor's Ballot shall be counted in accordance with the above-designated guidelines, unless temporarily Allowed in a different amount by an order of this Court entered prior to or concurrent with entry of an order confirming the Plan. Any Rule 3018(a) Motion must be filed on or before **June 21, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

### *The Record Date*

8. The Voting Record Date for purposes of determining which parties (i) are entitled to vote on the Plan, (ii) will receive the applicable Notice of Non-Voting Status, and (iii) will receive the Confirmation Hearing Notice shall be set on **May 31, 2019** (the "**Voting Record Date**").

*Solicitation Packages*

9. The materials to be distributed in connection with voting on the Plan and notice of the Confirmation Hearing (the "**Solicitation Packages**"), listed herein, are APPROVED.

10. In accordance with Bankruptcy Rule 3017(d), the Debtors shall mail, or cause to be mailed, all of the foregoing distributions no later than five (5) Business Days following the entry of this Order (the "**Solicitation Commencement Deadline**").

11. With respect to holders of Claims in the Voting Classes, in accordance with Bankruptcy Rule 3017(d), Solicitation Packages shall contain:

   (i) a USB containing the Disclosure Statement Order (without any exhibits), the Disclosure Statement, and the Plan;

   (ii) the Confirmation Hearing Notice; and

   (iii) an appropriate form of Ballot (as defined below) and appropriate return envelope with prepaid postage.

12. With respect to holders of Claims and Interests in the Non-Voting Classes, which Classes are presumed to accept or reject the Plan, and, therefore, not entitled to vote on the Plan pursuant to sections 1126(f) and (g) of the Bankruptcy Code:

   (i) a copy of this Order (without any exhibits);

   (ii) the Confirmation Hearing Notice; and

   (iii) the applicable Notice of Non-Voting Status, annexed hereto as **Exhibit 3-A** or **3-B**.

13. Any creditor for which service by USB poses a hardship may request an additional copy of the Disclosure Statement Order, Disclosure Statement, and Plan by contacting KCC by email at WaypointInfo@kccllc.com or by telephone at (888) 733-1446 (domestic) or (310) 751-2635 (international).

14.     The Debtors shall also mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions set forth above) to all Notice Parties.

15.     Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of Claims or Interests in the Non-Voting Classes will not include a Ballot.

16.     The Debtors are not required to distribute copies of the Plan or Disclosure Statement to any holder of Claims or Interests in the Non-Voting Classes unless otherwise requested.

17.     The Debtors are not required to notice creditors whose Claims are based solely on amounts scheduled by the Debtors and whose Claims already have been paid in the full scheduled amount; *provided, however*, if any such creditor is entitled to receive notice for any reason other than by virtue of the fact that the Claim had been scheduled by the Debtors, such creditor will be sent notice in accordance with the procedures set forth above.

18.     The holders of Claims in Classes 1E through 20E (Intercompany Claims against the Debtors), shall be deemed to have received all notices upon entry of this Order without actual delivery of such notices.

19.     Debtors shall only be required to send one Solicitation Package and the appropriate number of Ballots (if applicable) to creditors who have filed (i) duplicate Claims against the Debtors that are classified under the Plan in the same Class, or (ii) Claims that amend or supersede previously filed Claims.

20.     With respect to addresses from which notices in these Chapter 11 Cases have been returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or other notice to the entities listed at such addresses, unless

11

the Debtors are provided with accurate addresses for such entities by June 26, 2019. Failure to mail the Solicitation Packages to such entities shall neither constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

### *Notices of Non-Voting Status*

21. The Notices of Non-Voting Status are APPROVED and shall be distributed to the holders of the Claims or Interests in the Non-Voting Classes, as applicable.

22. To the Non-Voting Classes, the Debtors shall send the applicable Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibits 3-A** and **3-B**.

### *Ballots*

23. The Ballots are APPROVED and shall be distributed, as applicable, to the holders of Claims in the Voting Classes, which are entitled to vote to accept or reject the Plan as set forth herein.

24. All Ballots must be properly executed, completed, and delivered to the Solicitation Agent by (i) electronic, online submission at the Solicitation Agent's website (as described more fully below) or (ii) standard mail, overnight courier, or hand delivery to Waypoint Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, in each case so that they are actually received by the Solicitation Agent no later than **July 3, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").

25. Holders may cast an e-Ballot and electronically sign and submit such electronic Ballot via the Solicitation Agent's e-Ballot platform. Instructions for casting an electronic Ballot can be found on the "e-Ballot" section of the Solicitation Agent's website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective. For the

avoidance of doubt, holders may only cast Ballots electronically via the e-Ballot platform. Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

### *Tabulation Procedures*

26. The following tabulation procedures are APPROVED:

(i) Subject to Bankruptcy Rule 3018(a), whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such creditor's intent, and thus, to supersede any prior Ballot.

(ii) Whenever a creditor casts a Ballot that is properly completed, executed and timely returned to the Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

(iii) Whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

(iv) A creditor shall be deemed to have voted the full amount of its Claim in each class and shall not be entitled to split its vote within a particular class or between more than one Debtor. Any creditor's Ballot that partially accepts and partially rejects the Plan, between the same or multiple Debtors, will not be counted.

(v) Whenever a creditor casts multiple Ballots received by the Solicitation Agent simultaneously, but which are voted inconsistently, such Ballots will not be counted.

(vi) The following Ballots shall not be counted:

(a) any Ballot received after the Voting Deadline, unless the Court has granted an extension of the Voting Deadline in writing with respect to such Ballot;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

(d) any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in the Voting Classes;

13

  (e) any unsigned Ballot;

  (f) any Ballot, which the Court determines, after notice and a hearing, that was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

  (g) any Ballot transmitted to the Solicitation Agent by facsimile or other means not specifically approved herein.

  27. To assist in the solicitation process, the Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies. Any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline. Neither the Debtors nor any other person has any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

  28. No transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with this Court on or before five (5) Business Days prior to the Voting Record Date, (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor. In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity purposes.

  29. If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

  30. In accordance with Local Rule 3018-1(a), the Solicitation Agent shall certify in writing (the "**Voting Certification**") the amount and number of Allowed Claims in the

Voting Classes that vote to accept or reject the Plan, and such Voting Certification shall be filed by **July 8, 2019 at 8:00 p.m. (prevailing Eastern Time)**. The Voting Certification shall include a list of any Ballots that are not counted and set forth the reason for such treatment. The Debtors shall serve the Voting Certification upon, among others, (i) the Bankruptcy Court; (ii) the attorneys for the Debtors; and (iii) the U.S. Trustee.

### III. The Confirmation Hearing

31. The Confirmation Hearing will be held on **July 25, 2019 at 10:00 a.m. (prevailing Eastern Time)**; *provided* that, the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with this Court.

32. Any objections to confirmation of the Plan must:

(i)   be in writing;

(ii)  state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) state with particularity the basis and nature of any objection;

(iv)  conform with the Bankruptcy Rules and the Local Rules;

(v)   be filed with the Bankruptcy Court (1) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (2) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and

(vi)  be served in accordance with General Order M-399 so as to be received by the following parties no later than **July 8, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Objection Deadline**"):

   (a)  The attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Robert J. Lemons, Esq., and Kelly DiBlasi, Esq.);

15

(b)     Counsel for the U.S. Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Andrea B. Schwartz, Esq.);

(c)     Counsel to Macquarie PF Inc., Paul Hastings LLP, 71 South Wacker Drive Suite 4500, Chicago, Illinois 60606 (Attn: Chris Dickerson, Esq., Nathan Gimpel, Esq., Mark Pollack, Esq., and Michael Whalen, Esq.);

(d)     Counsel to Wells Fargo Bank, N.A., Akin Gump Strauss Hauer & Feld LLP, 100 pearl Street, 14th Floor, Hartford, Connecticut 06103 (Attn: Renee Dailey, Esq. and Katherine Lindsay, Esq.);

(e)     Counsel to SunTrust Bank, Alston & Bird LLP, One Atlantic Center, 1201 West Peachtree Street, Suite 4900, Atlanta, Georgia 30309 (Attn: Rick Blumen, Esq. and David Wender, Esq.);

(f)     Counsel to Sumitomo Mitsui Banking Corporation, Brussels Branch, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Jennifer DeMarco, Esq. and Robert Johnson, Esq.);

(g)     Counsel to Airbus Helicopters Financial Services Limited, Dentons LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Lee Whidden, Esq.);

(h)     Counsel to BNP Paribas, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Scott Zemser, Esq. and Brian Trust, Esq.);

(i)     Counsel to Bank of Utah, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attn: Howard Beltzer, Esq. and James Copeland, Esq.);

(j)     Counsel to Lombard North Central PLC, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004 (Attn: Andrew Dietderich, Esq. and Brian Glueckstein, Esq.);

(k)     Counsel to Macquarie, Vedder Price, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael Edelman, Esq.);

(l)     Counsel to Wells Fargo Bank, N.A., Duane Morris LLP, 1540 Broadway, New York, New York 10036 (Attn: Frederick Hyman, Esq.); and

    (m)  Counsel to the Sponsors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Leonard Lingbaum, Esq. and Jason Pearl, Esq.).

33. Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

34. Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **July 24, 2019 at 12:00 p.m. (prevailing Eastern Time)**.

35. The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 1**, is APPROVED.

36. The Debtors shall publish the Confirmation Hearing Notice no later than thirty (30) days after entry of this Order once in each of the editions of *Financial Times*, the *New York Times*, and *Aviation Week & Space Technology*, subject to the applicable publication deadlines. Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by KCC, http://www.kccllc.net/waypointleasing.

37. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

38. The Debtors are authorized to make nonsubstantive and nonmaterial changes to the Disclosure Statement, the Plan, the Solicitation Packages, and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents.

39. The notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest, and no other or further notice need be provided.

40. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: June 3, 2019**
      **New York, New York**

                                        **/s/ STUART M. BERNSTEIN**
                                        **HONORABLE STUART M. BERNSTEIN**
                                        **UNITED STATES BANKRUPTCY JUDGE**