**Hearing Date and Time: July 25, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: July 11, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11**
                                          :
**WAYPOINT LEASING**                      :        **Case No. 18-13648 (SMB)**
**HOLDINGS LTD.,** *et al.*,              :
                                          :        **(Jointly Administered)**
            **Debtors.**[1]               :
-------------------------------------------------------------x

**NOTICE OF HEARING AND MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER AUTHORIZING PRIVATE SALE OF HELICOPTER**
**WITH MANUFACTURER'S SERIAL NUMBER 2905 FREE OF ALL LIENS, CLAIMS,**
**ENCUMBRANCES, AND OTHER INTERESTS, AND GRANTING RELATED RELIEF**

            **PLEASE TAKE NOTICE** that a hearing on the annexed *Motion of Debtors for*

*Entry of an Order Authorizing Private Sale of Helicopter With Manufacturer's Serial Number*

*2905 Free of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related*

*Relief*, dated July 1, 2019 (the "**Motion**"), filed by Waypoint Leasing Holdings Ltd. and certain

of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the

"**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"),

seeking entry of an order authorizing the Debtors to sell one (1) Airbus Helicopter H225

---

[1] A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is annexed to the Motion as **Exhibit A**.

helicopter with manufacturer's serial number 2905 and Brazilian registration mark PR-OTB, free and clear of all liens, claims, encumbrances, and other interests, to Agrarflug Helilift GMBH & Co. KG, will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in Room 723 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**"), on **July 25, 2019 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and the *Final Order Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures* [ECF No. 155] so as to be received no later than July 11, 2019 at 4:00 p.m. (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated:  July 1, 2019
       New York, New York

                        */s/ Kelly DiBlasi*
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile: (212) 310-8007
                        Gary T. Holtzer
                        Robert J. Lemons
                        Kelly DiBlasi

                        *Attorneys for Debtors*
                        *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Robert J. Lemons
Kelly DiBlasi

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :        **Chapter 11**
                                                             :
**WAYPOINT LEASING**                                         :        **Case No. 18-13648 (SMB)**
**HOLDINGS LTD.,** *et al.,*                                 :
                                                             :        **(Jointly Administered)**
                        **Debtors.**[1]                      :
-------------------------------------------------------------x

## MOTION OF DEBTORS FOR ENTRY
## OF AN ORDER AUTHORIZING PRIVATE SALE OF HELICOPTER
## WITH MANUFACTURER'S SERIAL NUMBER 2905 FREE OF ALL LIENS, CLAIMS,
## ENCUMBRANCES, AND OTHER INTERESTS, AND GRANTING RELATED RELIEF

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Waypoint Leasing Holdings Ltd. ("**Waypoint**") and certain of its subsidiaries and

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-

captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), respectfully represent as

follows in support of this motion (the "**Motion**"):

---

[1] A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is annexed hereto as **Exhibit A**.

## Relief Requested

1.      By this Motion, pursuant to sections 363(b), (f), and (m) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "**Sale Order**"), authorizing Debtor Waypoint Asset Co 11 Limited ("**WAC11**") and its subsidiary, Debtor MSN 2905 Trust (together with WAC11, the "**WAC11 Debtors**"), to (a) consummate the private sale of one (1) Airbus Helicopter H225 aircraft with manufacturer's serial number 2905 and Brazilian registration mark PR-OTB ("**MSN 2905**" or the "**Helicopter**"), free and clear of all liens, claims, encumbrances, and other interests[2], to Agrarflug Helilift GMBH & Co. KG ("**Agrarflug**" or the "**Purchaser**") pursuant to that certain *Aircraft Sale and Purchase Agreement (S/N 2905)*, between the WAC11 Debtors and the Purchaser (the "**SPA**"), attached hereto as **Exhibit C**; and (b) assume and assign that certain *Helicopter Operating Lease Agreement*, dated November 11, 2016, relating to the Helicopter by and between Wells Fargo Trust Company, National Association, as owner trustee of the MSN 2905 Trust (the "**Trustee**"), and OHI Finance II S.A. (together with all related documents, the "**Helicopter Lease**"), and granting related relief.

2.      In support of this Motion, the Debtors rely on and incorporate the *Declaration of Ian Gurekian in Support of Debtors' Motion for Entry of an Order Authorizing Private Sale of Helicopter with Manufacturer's Serial Number 2905 Free of all Liens, Claims,*

---

[2] Other than Permitted Liens (as such term is defined in the Helicopter Lease).

*Encumbrances, and Other Interests, and Granting Related Relief* (the "**Gurekian Declaration**"),

filed contemporaneously herewith.

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.).   This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On November 25, 2018 (the "**Petition Date**"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.   The

Debtors continue to operate their business and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee, examiner, or

statutory committee of creditors has been appointed in these Chapter 11 Cases.

5.      The Debtors' Chapter 11 Cases have been jointly administered for

procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      On June 4, 2019, the Debtors filed the *Second Amended Modified Chapter*

*11 Plan of Waypoint Leasing Holdings Ltd. and its Affiliated Debtors* [ECF No. 818] (the

"**Plan**") and related disclosure statement [ECF No. 819] (the "**Disclosure Statement**").   By

order, dated June 4, 2019 [ECF No. 816] (the "**Solicitation Procedures Order**"), the Court

approved the adequacy of the information contained in the Disclosure Statement, and the Debtors

commenced solicitation of the Plan shortly thereafter.   The hearing on confirmation of the Plan is

currently scheduled for July 25, 2019 at 10:00 a.m. (Eastern Time).

7.      Additional information regarding the Debtors' business, capital structure,

and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the

*Declaration of Todd K. Wolynski Pursuant to L. Bankr. R. 1007-2*, sworn to on the date hereof and the *Declaration of Robert A. Del Genio in Support of First Day Motions and Applications*, sworn to on the date hereof (together, the "**First Day Declarations**"), which have been filed with the Court on the Petition Date and are incorporated herein by reference.[3]

## **MSN 2905**

8.      MSN 2905 is a H225 helicopter manufactured by Airbus Helicopters and owned beneficially by WAC11.[4]   As explained in the Gurekian Declaration and the First Day Declarations, the market for H225 helicopters has been depressed following a fatal crash of a H225 helicopter not affiliated with the Debtors on April 29, 2016.   As a result, various governmental agencies across the world grounded or placed severe restrictions on H225 helicopters.   Despite such restrictions now being lifted, the market for H225s remains severely depressed, and H225s have been difficult to sell or lease to operators.

9.      The Debtors own four H225s.   Three of the H225s are beneficially owned by Waypoint Asset Co 10 Limited ("**WAC10**" and the H225s beneficially owned by WAC10, the "**WAC10 H225s**")[5], and the remaining H225 is MSN 2905.   The Debtors currently lease MSN 2905 to Omni Táxi Aéreo S.A. ("**Omni**") pursuant to the Helicopter Lease.

10.      As noted in the Debtors' Disclosure Statement, apart from certain unencumbered cash, MSN 2905 is the WAC11 Debtors' sole remaining material asset.   There are

---

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declarations.

[4] For certain regulatory and efficiency reasons, title to MSN 2905 is held by Debtor MSN 2905 Trust.   The beneficial interest in MSN 2905 Trust is held by WAC11.   The Trustee is the owner trustee of such trust.

[5] The WAC10 H225s are the primary collateral securing the Debtors' obligations under that certain *Facility Agreement*, dated February 21, 2017, by and between Airbus Helicopter Financial Services Limited ("**Airbus**") as lender, agent, and security trustee, and WAC10.   The WAC10 H225s were broadly marketed for sale to third parties along with MSN 2905.   However, pursuant to the Plan, the Debtors determined, in their business judgment, that returning the WAC10 H225s to Airbus in satisfaction of its secured claim would maximize the value of such assets.

4

no prepetition secured claims against the WAC11 Debtors.  MSN 2905 was previously encumbered as DIP Collateral pursuant to the Debtors' postpetition financing facility (the "**DIP Facility**").[6]  Further, WAC11 was an obligor under the DIP Facility.  However, following the close of the Macquarie Sale Transaction (as defined herein) and the payoff of the DIP Facility, pursuant to the order approving the Macquarie Sale Transaction,[7] all liens against MSN 2905 were released and the asset is now unencumbered.  The proceeds of the sale of MSN 2905 will be used to satisfy any allowed claims against the WAC11 Debtors, and then any excess value will flow to Waypoint Leasing (Ireland) Limited ("**WLIL**"), which holds all of the equity of WAC11.

## Proposed Sale of MSN 2905

### A.    The Debtors' Marketing Efforts

11.    As set forth in the Gurekian Declaration, the Debtors have extensively marketed the Helicopter along with the WAC10 H225s to various customers and aviation service providers since July 2018.  As part of the Debtors' prepetition global sale and marketing process, the Debtors marketed MSN 2905 along with their other aircraft to approximately 180 potential purchasers, including to Macquarie Rotorcraft Leasing Holdings Limited ("**Macquarie**"), the Debtors' stalking horse bidder and ultimate purchaser of substantially all the Debtors' assets. Macquarie declined to acquire MSN 2905.  In addition to the marketing efforts for the global

---

[6] *See Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, and 552 Fed. R. Bankr. P. 2002, 4001, 6003, 6004, and 9014, and L. Bankr. R. 2002-1, 4001-2, 9013-1, 9014-1, and 9014-2 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [ECF No. 231] (the "**DIP Order**").

[7] *See Order (I) Approving Purchase Agreement Among Debtors and Macquarie, (II) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection Therewith, and (IV) Granting Related Relief* [ECF No. 444].

sale process, the Debtors renewed marketing efforts for MSN 2905 specifically throughout 2018 and 2019, including contacting over ten potential purchasers for the Helicopter and placing the Helicopter with multiple brokers who further marketed the Helicopter to a broad range of potential purchasers across several sectors.  Given the distressed nature of the helicopter leasing industry and the oil and gas market, in addition to the issues associated with this model helicopter, there was limited interest in the Helicopter.

12.    As set forth in the Gurekian Declaration, in early 2019, the Debtors received two competing offers for the Helicopter.  Of the potential purchasers, only the Purchaser, a German lessor of utility helicopters, and one other potential purchaser presented proposals that were economically feasible.  The total consideration offered by the Purchaser is greater than the competing offer.  In addition, the Debtors are familiar with the Purchaser, having previously consummated the private sale of a Bell 412SP helicopter to the Purchaser during the pendency of the Chapter 11 Cases.[8]  Accordingly, given the Debtors' familiarity with the Purchaser (which provides a degree of certainty of execution) and the consideration offered, the Debtors determined in their business judgment to proceed with the sale of the Helicopter to the Purchaser.

**B.    Sale of Helicopter to Purchaser**

13.    In April 2019, the Debtors engaged in arms' length negotiations with the Purchaser that lasted several months and culminated in the parties agreeing to the SPA.  Pursuant to the SPA and the related documents, the Debtors propose to (a) sell the Helicopter to the Purchaser for $3.55 million, and (b) assume and assign the Helicopter Lease to the Purchaser.

---

[8] The previously consummated sale was approved by the Court on January 8, 2019.  *See Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 Authorizing Private Sale of Helicopter with Manufacture Serial Number 33156 Free of All Liens, Claims, Encumbrances, and Other Interests and Granting Related Relief* [ECF No. 226].

The Purchaser will assume the Debtors' liabilities and performance obligations under the Helicopter Lease, including the obligation to return a $600,000 security deposit to Omni at the conclusion of the Helicopter Lease. The Debtors, Omni and the Purchaser remain in discussions regarding the assumption and assignment of the Helicopter Lease.

## Relief Requested Should Be Granted

### A.    The Sale of MSN 2905 is an Exercise of the Debtors' Sound Business Judgment

14.    Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to approve the sale of property outside the ordinary course of business, a Bankruptcy Court must "find from the evidence presented before him at the hearing a good business reason to grant such an application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141, 144–45 (2d Cir. 1992) (affirming that the Bankruptcy Court correctly approved an asset sale under 363(b) using the "good business reason" standard); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("a debtor often satisfies the business judgment standard if 'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'") (quoting *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)); *In re MF Glob. Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("The business judgment of a trustee is entitled to great deference.").

15.    As set forth in the Gurekian Declaration, the sale of MSN 2905 is a sound exercise of the Debtors' business judgment. The Debtors have sold substantially all of their assets and no longer are in the helicopter leasing business. They are moving forward with a

proposed chapter 11 plan that contemplates final distributions to creditors and the ultimate winddown and liquidation of the Debtor entities.  Accordingly, the Debtors have no further use for the Helicopter and are unable to continue servicing the Helicopter Lease.  As such, the Debtors determined that the value of the Helicopter and Helicopter Lease are maximized through a going concern sale.  Retaining the helicopter into the future would most likely result in a lesser recovery over time.

16.    The Debtors extensively marketed the Helicopter to multiple potential purchasers, over the course of almost a year, including placing the Helicopter with several helicopter brokers.  The Debtors received only two economically feasible offers for the Helicopter, which they reviewed with their advisors and the former employees of Waypoint who are now employed by Macquarie (who are intimately familiar with this asset and the market), and ultimately selected the Purchaser's bid as the highest and best offer.  As discussed previously, the total consideration offered by the Purchaser is greater than the competing offer. Moreover, the Purchaser's bid provides for the assumption of the Helicopter Lease and all obligations thereunder.  Because of prior dealings with the Purchaser, there is greater certainty of the Purchaser's ability to close.

17.    The boards of directors of WAC11 and WLIL, the Debtors' primary operating entity and parent of WAC11, have thoroughly reviewed and approved the proposed sale.  Accordingly, the Debtors submit that the sale of MSN 2905 to the Purchaser pursuant to the SPA is a sound exercise of their business judgment and in the best interests of the estates.

**B.    A Private Sale Is Warranted Under the Circumstances**

18.    Bankruptcy Rule 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Courts allow chapter 11 debtors

to sell assets outside the ordinary course of business by private sale when the debtors demonstrate that the sale is permissible pursuant to section 363(b) of the Bankruptcy Code. *See, e.g.*, *In re Dewey & Leboeuf LLP*, No. 12-12321 (MG), 2012 Bankr. LEXIS 5116, at \*17 (Bankr. S.D.N.Y. Nov. 1, 2012) (holding that "the Debtor has established a good business reason," pursuant to section 363(b), to sell its artwork through a private auction to save costs, reduce delay, and maximize the sale price); *In re MF Glob. Ltd.*, 535 B.R. at 605-06, 608 (approving the private sale to a buyer already familiar with the debtors' assets as an exercise of "sound business judgment" under section 363(b)).

19.     Here, sound business justifications exist for a private sale.  Specifically, (i) only two parties expressed an interest and/or the capability to acquire the Helicopter, despite the Debtors' extensive marketing efforts (as described herein); (ii) the Debtors have already placed the aircraft with several brokers that conducted a broad solicitation of the market to no avail; (iii) the Purchaser has agreed to provide valuable consideration for the Helicopter, including the assumption of significant liabilities under the Helicopter Lease; and (iv) the Debtors have limited funds available to conduct a public auction for the Helicopter.  The cost of doing so would be expensive, with likely no benefit in return.  Moreover, as discussed, the Debtors have already rigorously marketed the Helicopter since July 2018 and would not expect any competitive bidders to surface now.  The purchase price proposed by the Purchaser is the highest and best offer for the Helicopter that the Debtors have received.  A private sale will ensure that the Debtors are able to consummate a value-maximizing transaction for the benefit of all parties in interest.

C.      **The Sale of the Helicopter Free and Clear of Liens are Warranted Under Section 363(f)**

20.      Pursuant to section 363(f) of the Bankruptcy Code, a debtor may sell property under section 363(b) free and clear of any liens, claims, encumbrances, and other interests of an entity other than the estate if one of the following conditions is satisfied:

(1)      applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

(2)      such entity consents;

(3)      the interest is a lien and the sales price of the property exceeds the value of all liens on the property;

(4)      the interest is in bona fide dispute; or

(5)      the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

11 U.S.C. § 363(f)(1)-(5).   Section 363(f) is stated in the disjunctive; therefore, it is only necessary to meet one of the five conditions listed in that section when selling property of the estate.  *See In re Borders Grp., Inc.*, 453 B.R. at 483–84 (noting that the debtor can sell its property "free and clear of any interest" if "at least one" of the five conditions under section 363(f) is met); *see also In re MF Glob. Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Satisfaction of any of those requirements [of section 363(f)(1)-(5)] suffices to permit the sale of the property free and clear of liens and interests.").

21.      The sale of the Helicopter to the Purchaser free and clear of all liens, claims, encumbrances, and other interests is appropriate under section 363(f) of the Bankruptcy Code.   Because WAC11 was an obligor to the DIP Facility, MSN 2905 constituted DIP Collateral and was thereby subject to DIP Liens (as defined in the DIP Order) to secure the obligations under the Debtors' DIP Facility.  As the DIP Facility has been fully paid off, the liens

against the Helicopter have been released and the Debtors are permitted to sell the Helicopter, subject to Bankruptcy Court approval.

22.    The Debtors do not believe that there are other liens on the Helicopter, but to the extent there are any liens, any other entity holding liens on the Helicopter will have a corresponding security interest in the proceeds of the sale received therefrom (with all of the Debtors' claims, defenses and objections with respect to the amount, validity, or priority of each such interest and the underlying liabilities expressly preserved).  *See MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 94 (2d Cir. 1988) ("It has long been recognized that when a debtor's assets are disposed of free and clear of third-party interests, the third party is adequately protected if his interest is assertable against the proceeds of the disposition.").

**D.    Purchaser Should Be Entitled to the Protections of Section 363(m)**

23.    Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  The Second Circuit has observed, "[a]lthough the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' . . . most courts have adopted a traditional equitable definition:  'one who purchases the assets for value, in good faith and without notice of adverse claims.'"  *Licensing by Paolo v. Sinatra* (*In re Gucci*), 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted).  Moreover, "[a] purchaser's good faith is lost by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'"  *Id.*

24.     The Purchaser is a good faith purchaser for value and, as such, is entitled to the protections afforded to such purchaser under section 363(m) of the Bankruptcy Code and has otherwise acted in good faith in connection with the sale of MSN 2905.  Specifically, (i) the Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code, (ii) the SPA was negotiated at arm's length and in good faith, (iii) the consideration to be paid by the Purchaser pursuant to the SPA is fair and reasonable, and (iv) the SPA is not the result of fraud or collusion.  Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the transaction contemplated by the SPA to be avoided or result in the imposition of any costs or damages under section 363(n) of the Bankruptcy Code.  Accordingly, the Debtors believe that the Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code.

### Assumption and Assignment of the Helicopter Lease

25.     In connection with the sale, the Debtors seek to assume and assign the Helicopter Lease to the Purchaser pursuant to section 365 of the Bankruptcy Code.  The Purchaser will assume the Debtors' obligations under the Helicopter Lease.  The Purchaser acknowledges that it shall have continuing obligations with respect to the Helicopter Lease, including, without limitation, the duty to refund the remainder of the security deposit under the terms of the Helicopter Lease in accordance with the terms thereto.

26.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  Upon finding that a debtor has exercised its sound business judgment in determining to assume an executory contract or unexpired lease, courts will approve the assumption under section 365(a) of the Bankruptcy Code.  *See Nostas Assocs. v. Costich* (*In re Klein Sleep Prods.*, *Inc.*), 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures*

*Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp*.), 4 F.3d 1095, 1099 (2d Cir. 1993).

27.    Pursuant to section 365(f)(2) of the Bankruptcy Code, a debtor may assign an executory contract or unexpired lease of nonresidential real property if "adequate assurance of future performance by the assignee of such contract or lease is provided."    11 U.S.C. § 365(f)(2)(B).  The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Azzari* (*In re Carlisle Homes, Inc*.), 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (citation omitted); *see also In re Natco Indus., Inc*., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.,* 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("[a]lthough no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance.").  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.  *See In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of lease has financial resources and expressed willingness to devote sufficient funding to business to give it strong likelihood of succeeding).

28.    The Purchaser is an international helicopter servicing company specializing in purchasing, leasing, and repairing helicopters and currently supports a fleet of approximately forty (40) helicopters.  As discussed previously, the Debtors are familiar with the Purchaser, having previously consummated the private sale of a Bell 412SP helicopter to the Purchaser during the pendency of the Chapter 11 Cases.  The Debtors' familiarity with the

13

Purchaser provides a degree of certainty of execution and also adequate assurance of future performance.

29.    The Debtors do not believe that there are outstanding defaults under the Helicopter Lease, but to the extent there are defaults, the Debtors will cure, or provide adequate assurance that they will promptly cure, any such defaults pursuant to section 365(b)(1) of the Bankruptcy Code.  Omni has not raised any defaults as of the filing of the Motion.

30.    The assumption of the Helicopter Lease is an exercise of the Debtors' sound business judgment because the transfer of the Helicopter Lease is necessary to obtain the highest value for the Helicopter.  The Helicopter Lease does not expire until 2021; accordingly, there is significant lease rental value remaining under the Helicopter Lease, and this value was part of the consideration offered by the Debtors in connection with the sale of the Helicopter. For the reasons set forth above, the Debtors request that the Court grant authorization to assume and assign the Helicopter Lease to the Purchaser.

## **Bankruptcy Rules 6004(h)**

31.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors believe that in order to maximize value, the sale of MSN 2905 must be consummated as soon as practicable.  Accordingly, the Debtors request that the Sale Order be effective immediately upon entry of each such order and that the fourteen (14)-day stay period under Bankruptcy Rules 6004(h) be waived.

## **Notice**

32.    Notice of this Motion has been provided to all parties in interest in accordance with the procedures set forth in the *Final Order Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case*

14

*Management Procedures* [ECF No. 155].  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

    33.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Left Intentionally Blank*]

WHEREFORE the Debtors respectfully request entry of the Sale Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 1, 2019
      New York, New York

                    */s/ Kelly DiBlasi*_____
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:  (212) 310-8000
                    Facsimile: (212) 310-8007
                    Gary T. Holtzer
                    Robert J. Lemons
                    Kelly DiBlasi

                    *Attorneys for Debtors*
                    *and Debtors in Possession*