**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :     Chapter 11
                                                            :
WAYPOINT LEASING                                            :     Case No. 18-13648 (SMB)
HOLDINGS LTD., *et al.*,                                    :
                                                            :     (Jointly Administered)
                       Debtors.[1]                          :
------------------------------------------------------------x

### ORDER AUTHORIZING PRIVATE SALE OF HELICOPTER
### WITH MANUFACTURER'S SERIAL NUMBER 2905 FREE OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] dated July 1, 2019 [ECF No. 851], of Waypoint Leasing Holdings Ltd. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 363(b), (f), and (m) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (a) authorizing Debtor Waypoint Asset Co 11 Limited ("**WAC11**") and its subsidiary, Debtor MSN 2905 Trust (together with WAC11, the "**WAC11 Debtors**"), to consummate the private sale of one (1) H225 helicopter with manufacturer's serial number 2905 and Brazilian registration mark PR-OTB ("**MSN 2905**" or the "**Helicopter**"), free and clear of all liens, claims, encumbrances, and other interests to Agrarflug Helilift GMBH & Co. KG ("**Agrarflug**" or the "**Purchaser**") pursuant to that certain *Aircraft Sale and Purchase Agreement (S/N 2905)*, between the WAC11 Debtors and Purchaser; (b) authorizing the WAC11 Debtors to assume and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are set forth on Exhibit A to the Motion.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

assign that certain *Helicopter Operating Lease Agreement*, dated November 11, 2016, relating to the Helicopter by and between Wells Fargo Trust Company, National Association, not in its individual capacity but solely as owner trustee of the MSN 2905 Trust (the "**Trustee**"), and OHI Finance II S.A. (together with all related documents, the "**Helicopter Lease**"), and (c) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the attorneys for the Debtors having filed a declaration pursuant to 28 U.S.C. § 1746 indicating that no objection to the Motion had been filed [ECF No. 865]; and upon the Gurekian Declaration, filed contemporaneously with the Motion, and the First Day Declarations, filed on the Petition Date; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 363(b) and 365 of the Bankruptcy Code, the Debtors are authorized to take any and all actions necessary and appropriate to effectuate, implement, and

close the transaction set forth in the SPA and Helicopter Lease with respect to the sale of the Helicopter to the Purchaser.

3. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Helicopter to Purchaser is hereby granted free and clear of all liens, claims, encumbrances, and other interests pursuant to the terms of the SPA. The Purchaser shall have no obligations with respect to any liabilities of the WAC11 Debtors other than solely to the extent provided in the SPA and the Helicopter Lease.

4. All liens, claims, encumbrances, and other interests in or on the Helicopter shall attached solely to the proceeds of the sale of the Helicopter pursuant to the SPA, with the same validity, priority, force, and effect that they now have against the Helicopter, subject to any and all claims and defenses the Debtors and their estates may possess with respect thereto.

5. This Order shall be sole and sufficient evidence of the transfer of title to the Purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the sale transaction subject to payment of any filing fee.

6. Nothing in this Order or the SPA releases, nullifies, precludes or enjoins the

enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the Helicopter after the date of entry of this Order.

7. Nothing contained in this Order or in the SPA shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws.

8. Nothing in this Order or the SPA authorizes the transfer to the Purchaser of any licenses, permits, registrations, or governmental authorizations and approvals without the Purchaser's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

9. The Purchaser shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

10. The assumption and assignment of the Helicopter Lease are integral to the sale, are in the best interests of the Debtors and their estates, and represent the valid and reasonable exercise of the Debtors' sound business judgment.

11. The Purchaser acknowledges that it shall have continuing obligations with respect to the Helicopter Lease, including without limitation, the duty to refund any security deposits in accordance with the terms of the Helicopter Lease.

12. With respect to the Helicopter Lease, the Debtors have met all requirements of section 365(b) of the Bankruptcy Code. There is no monetary default required to be cured with respect to the Helicopter Lease under section 365(b)(1) of the Bankruptcy Code, and the

4

Purchaser has provided adequate assurance of future performance under the Helicopter Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code.

13. The authority hereunder for the Debtors to assume and assign the Helicopter Lease to the Purchaser includes the authority to assume and assign the Helicopter Lease, as amended.

14. The assignments by the applicable Debtors of the Helicopter Lease are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

15. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all action necessary to the relief granted in this Order.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: **July 17th, 2019**
    New York, New York

**/s/ STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE